**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Case Number:** |
| | ) | |
| **HISONE EQUAREL STATON,** | ) | **19-05530-5-JNC** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | **Chapter 7** |
| | ) | |
| **BRIAN C. BEHR,** | ) | |
| **BANKRUPTCY ADMINISTRATOR** | ) | |
| **E.D.N.C.** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO:** |
| v. | ) | |
| | ) | |
| **HISONE EQUAREL STATON** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

_____

## COMPLAINT

**COMES NOW** Brian C. Behr, Bankruptcy Administrator for the Eastern District of North Carolina, ("Plaintiff" or "Bankruptcy Administrator"), by and through undersigned counsel, and complains of Defendant, Hisone Equarel Staton, by alleging and saying as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) to object to the discharge of the Defendant.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Plaintiff has standing to pursue this adversary proceeding pursuant to 11 U.S.C. § 727(e) and Section 317 of the Judicial Improvements Act of 1990, which states the Bankruptcy Administrator has standing to be heard on any issue, in any case or proceeding under this title.

5.      Pursuant to 11 U.S.C. § 727(e) "the trustee, a creditor, or the United States trustee may request a revocation of a discharge – (1) under subsection (d)(1) of this section within one year after such discharge is granted; or (2) under subsection (d)(2) or (d)(3) of this section before the later of – (A) one year after the granting of such discharge; and (B) the date the case is closed."

6.      The Defendant received a discharge on July 28, 2023, therefore this Complaint for revocation pursuant to 11 U.S.C. § 727(d)(1) and 11 U.S.C. § 727(d)(2) is timely filed.

## PARTIES

7.      Hisone Equarel Staton ("Debtor" or "Defendant") is a resident of Pitt County, North Carolina, and the Debtor in the above referenced bankruptcy case.

8.      James L. Staton, Jr. ("Mr. Staton") is the Defendant's non-filing spouse and is a resident of Pitt County, North Carolina. At the time of this filing, Mr. Staton was also a Debtor in a pending Chapter 7, Case Number 23-01268-5-JNC.

9.      Joseph A. Bledsoe, III ("Chapter 13 Trustee") was originally assigned the Chapter 13 Trustee until the Defendant requested the case be converted to Chapter 7.

10.     Stephen L. Beaman ("Chapter 7 Trustee") is the assigned Chapter 7 Trustee to the case.

11.     Leslie Locke Craft ("Defendant's Counsel") assisted the Defendant with filing her petition and schedules and remains as counsel for the Defendant in the present matter.

## GENERAL ALLEGATIONS

*Initial Disclosures*

12.     On December 3, 2019 (the "Petition Date"), the Defendant filed a petition under Chapter 13 of the Bankruptcy Code, Case # 19-05530-5-JNC [DE # 1] ("Petition").

13.     The Defendant filed the Schedules and Statements required by 11 U.S.C. § 521 on December 5, 2019 [DE # 8] ("Schedules and Statements").

14.     According to the Petition, the Defendant resides at 2118 Winder Drive Winterville, NC 28590, located in Pitt County, North Carolina.

15.     On the Petition, the Defendant listed that she filed two previous bankruptcy cases within the last eight years. The first was filed in the Eastern District of North Carolina on August 17, 2012 with case number 12-06006-8-RDD. The second was filed in the Eastern District of North Carolina on March 5, 2013 with case number 13-01400-8-SWH.  The Defendant received a Chapter 7 discharge in the second case on July 13, 2015.

16.     The Defendant answered question 11 of the Petition with the following:

| 11. | Do you rent your residence? | ■ No. | Go to line 12. |
|---|---|---|---|
| | | ☐ Yes. | Has your landlord obtained an eviction judgment against you? |
| | | | ☐ No. Go to line 12. |
| | | | ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition. |

17.     The Defendant disclosed on Schedule A/B question 1 the following:

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

■ No. Go to Part 2.
☐ Yes. Where is the property?

18.     Within the Defendant's Schedule J, filed on December 5, 2019 [DE #8], it is disclosed that her monthly rental or home ownership expense for her residence is $918.00 per month.

19.     Within the Defendant's Schedule G, filed on December 5, 2019, the Defendant disclosed that she was party to the following executory contracts or unexpired leases:

1. Do you have any executory contracts or unexpired leases?
☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | Progressive Leasing 256 West Data Drive Draper, UT 84020 | $254 biweekly |

20.     On March 3, 2020 the Defendant filed an Amended Schedule A/B [D.E. #26] ("First Amendment Date"). The Defendant again confirms on Amended Schedule A/B question 1 that she does not own an interest in real property:

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

■ No. Go to Part 2.
☐ Yes. Where is the property?

## *Chapter 13 341 Meeting*

21.     On January 2, 2020, the Chapter 13 Trustee conducted an 11 U.S.C. § 341(a)

meeting of creditors ("Chapter 13 341 Meeting") in the Defendant's case; wherein, the Defendant appeared and provided sworn testimony.

22.    During the Chapter 13 341 Meeting, the Defendant made the following statements under oath regarding the following matters:

   a.   That the Schedules and Statements were true and accurate; and,
   b.   That she did not have a mortgage payment.

23.    The Defendant also testified that she had previously filed for bankruptcy relief. Defendant's Counsel further expounded by stating the Debtor could not convert this case to one under Chapter 7 due to the Defendant receiving a previous Chapter 7 discharge within eight years.

***Conversion to Chapter 7***

24.    On April 25, 2023, the Defendant files a Notice of Conversion to Chapter 7. ("Conversion Date").

25.    The Notice of Conversion is filed after the Chapter 13 Trustee files two Motions to Dismiss the Defendant's case for failure to Make Plan Payments. The first Motion to Dismiss is filed on September 23, 2020. The second Motion to Dismiss is filed on April 14, 2022.

26.    Stephen L. Beaman was appointed the Chapter 7 Trustee on April 26, 2023.

27.    On May 2, 2023, the Defendant filed an Amended Statement of Intent [D.E. #50]. The Amended Statement of Intent does not add a residential lease.

28.    On May 3, 2023, the Defendant filed Amended Schedule E/F, Amended Schedule G, and Amended Summary of Schedules [D.E. #53] ("Second Amendment Date"). The Defendant made the following statements within her Amended Schedule G:

1.   **Do you have any executory contracts or unexpired leases?**
     ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
     ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1  **Heritage Rentals, LLC**<br>**P. O. Box 409**<br>**Mayfield, KY 42066** | **shed lease** |
| 2.2  **Progressive Leasing**<br>**256 West Data Drive**<br>**Draper, UT 84020** | **$254 biweekly** |

29.    The Defendant's Amended Summary of Schedules confirms for a third time that she held no interest in real property. The following is from the Amended Summary of Schedules:

| Part 1: | Summarize Your Assets | | |
|---|---|---|---|
| | | | **Your assets**<br>Value of what you own |
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B ................................................ | | $ _____ 0.00 |

30.     The Defendant attended her Chapter 7 341 Meeting on June 8, 2023.

31.     During the 341 Meeting, the Defendant made the following statements under oath regarding the following matters:

  a.  That her Schedules and Statements list all of her property and all of her debts;
  b.  That she did not own any interest in land or buildings anywhere; and,
  c.  That the only change in her property since she filed her bankruptcy case was a change in vehicle.

32.     The Chapter 7 Trustee entered a report of no distribution on June 8, 2023.

33.     The Defendant received a discharge on July 28, 2023. The final decree was also entered on July 28, 2023.

34.     The Defendant was ineligible to receive a discharge on July 28, 2023 pursuant to 11 U.S.C. § 727(a)(8).

***Bankruptcy Administrator's Investigation***

35.     On May 8, 2023, Mr. Staton filed for Bankruptcy under Chapter 13 [Case # 23-01268-5-JNC]. Mr. Staton converted his Chapter 13 case to one under Chapter 7 on April 26, 2024, as part of the Bankruptcy Administrator's review of Mr. Staton's case, it was discovered that the Defendant had concealed estate property.

36.     The Register of Deeds for Pitt County North Carolina reflects that on September 1, 2019, Debra Fetherston, F/K/A Debra Gates Brooks, and her spouse, Roy Mitchell Fetherston transferred a partial interest in real property located at 2118 Winder Drive, Winterville, North Carolina to Hisone Equarel Staton, a Married Woman. (See attached Exhibit A)

37.     The September 1, 2019 Deed indicated that Debra Fetherston and Hisone Equarel Staton jointly owned the real property located at 2118 Winder Drive, Winterville, North Carolina.

38.     On the Petition Date, December 3, 2019, the Defendant owned a one-half interest in the real property located at 2118 Winder Drive, Winterville, North Carolina. The Debtor did not disclose this interest within her Schedules and Statement of Financial Affairs.

39.     On the date of the Chapter 13 341 Meeting of Creditors, the Defendant owned a one-half interest in the real property located at 2118 Winder Drive, Winterville, North Carolina. The Debtor failed to disclose and actively concealed her interest in this property at the Chapter 13

341 Meeting

40.    On the First Amendment Date, March 3, 2020, the Defendant continued to own a one-half interest in the real property located at 2118 Winder Drive, Winterville, North Carolina. This interest was not disclosed within the First Amendment.

41.    Pursuant to the Pitt County, North Carolina Register of Deeds, on December 6, 2020, a second quit claim deed was issued for the real property located at 2118 Winder Drive, Winterville, North Carolina. The second quit claim deed transferred the property from Debra Fetherston F/K/A Debra Gates Brooks, a Married Woman and Hisone Eqarel Staton, a Married Woman, solely to Hisone Equarel Staton, a Married Woman. (See attached Exhibit B).

42.    On the Conversion Date, April 25, 2023, the Defendant solely owned the real property located at 2118 Winder Drive, Winterville, North Carolina. This interest was not disclosed.

43.    On the Second Amendment Date, May 3, 2023, the Defendant solely owned the real property located at 2118 Winder Drive, Winterville, North Carolina. This interest was not disclosed within the Second Amendment.

44.    At the Chapter 7 341 Meeting, the Defendant owned solely the real property located at 2118 Winder Drive, Winterville, North Carolina. The Debtor failed to disclose and actively concealed her interest in this property at the Chapter 7 341 Meeting.

45.    Pursuant to the Pitt County, North Carolina Register of Deeds, on the Petition Date, December 3, 2019, Nationstar Mortgage LLC had a Deed of Trust on the real property located at 2118 Winder Drive, Winterville, North Carolina. Debra Brooks was the Grantor of that Deed of Trust. (See attached Exhibit C).

46.    Pursuant to the Pitt County, North Carolina Register of Deeds, Debra Gates Brooks refinanced the loan on 2118 Winder Drive, Winterville, North Carolina and a new Deed of Trust was issued on January 8, 2021. (See attached Exhibit D).

## FIRST CLAIM - 11 U.S.C. §727(d)(1)

47.    The allegations set out in paragraphs 1 through 46 above are realleged and incorporated herein by reference.

48.    The Defendant's discharge was obtained through the fraud of the Defendant, and the requesting party did not know of such fraud until after the granting of such discharge.

49.    The Defendant is not entitled to receive a discharge pursuant to 11 U.S.C. §727(d)(1).

## SECOND CLAIM - 11 U.S.C. §727(d)(2)

50.     The allegations set out in paragraphs 1 through 46 above are realleged and incorporated herein by reference.

51.     The Defendant acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

52.     The Defendant is not entitled to receive a discharge pursuant to 11 U.S.C. §727(d)(2).

### PRAYER FOR RELIEF

**WHEREFORE**, the United States Bankruptcy Administrator respectfully requests that this Court enter judgment revoking the discharge of the Defendant, and/or such other relief as the Court deems appropriate.

Dated: July 3, 2024


BRIAN C. BEHR,
US BANKRUPTCY ADMINISTRATOR – EDNC


By: /s/Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney
NCSB #52144
Bankruptcy Administrator's Office
Eastern District of North Carolina
434 Fayetteville St, Suite 640
Raleigh, NC  27601
(919)-856-4886
Kirstin_Gardner@nceba.uscourts.gov

**Exhibit A**



```
Doc ID: 014474380003 Type: CRP
Recorded: 09/04/2019 at 01:41:44 PM
Fee Amt: $26.00 Page 1 of 3
Revenue Tax: $0.00
Pitt County, NC
Lisa P. Nichols REG OF DEEDS
BK 3831 PG 609-611
```

Revenue $0                                               Parcel ID#: 0061248

## NORTH CAROLINA QUIT CLAIM DEED

This instrument drafted by:  Capital to Coast NC Law Group
**(Without Title Examination, Tax or Legal Advice)**
After recording mail to:  Grantee
Brief description for the index:  LO21 Preston Trails BMMB53-150

| **GRANTOR** | **GRANTEE** |
|---|---|
| Debra Fetherston, F/K/A | Debra Fetherston, F/K/A |
| Debra Gates Brooks, and spouse | Debra Gates Brooks, a Married Woman |
| Roy Mitchell Fetherston | Hisone Equarel Staton, a Married Woman |
| 5504 Seawall Court | **Mailing Address:** |
| Virginia Beach, VA 23462 | 2118 Winder Drive |
| | Winterville, NC 28590 |

The above described property ( ) does (X) does not include the primary residence of the Grantor.

This deed, made and entered into this __1st__ day of __September__, 2019, by and between Debra Fetherston, F/K/A Debra Gates Brooks, and spouse, Roy Mitchell Fetherston, (GRANTOR) of City of Virginia Beach, Virginia, and Debra Fetherston F/K/A Debra Gates Brooks, a Married Woman, and Hisone Equarel Staton, a Married Woman, (GRANTEE), whose address is 2118 Winder Drive, Winterville, NC 28590

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantors, for a valuable consideration paid by the Grantees, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell, and convey unto the Grantees, its heirs, successors, administrators and assigns, all that certain lot or parcel of land situated in Pitt County, North Carolina and more particularly described as follows:

1

**See Exhibit A Legal Description**

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the Grantees in fee simple.

And the Grantors covenants with the Grantees, that Grantors are seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantors will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:
Subject to Ad valorem taxes for the current year;
Easements, Rights of way and Restrictions which may appear of record;
General Utility Easements of record;
Restrictive and Protective Covenants of record

IN WITNESS WHEREOF, the Grantors have duly executed the foregoing as of the day and year first above written.

_____(SEAL)
DEBRA FETHERSTON

_____(SEAL)
F/K/A DEBRA GATES BROOKS

_____(SEAL)
ROY MITCHELL FETHERSTON

STATE OF ___NC___
___Pitt___ COUNTY

I, __Andrea Michelle Barrett__, the undersigned Notary Public of the County and State aforesaid, certify that **Debra Fetherston, F/K/A Debra Gates Brooks, and spouse Roy Mitchell Fetherston,** personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official stamp or seal, this __1__ day of __September__, 2019.

My commission expires: __January 1, 2022__

_____ Notary Public
Notary Signature

__Andrea Michelle Barrett__
Printed Name of Notary

SEAL-STAMP

*(Notary seal: Andrea Michelle Barrett, Notary Public, Pitt County, NC)*

2

Exhibit A Legal Description

Known as 2118 Winder Drive, Winterville, North Carolina and being more particularly described as follows: Lying and being in Winterville Township, Pitt County, North Carolina and being all of Lot No. 21 as shown on map entitled "Survey for Charles F. Stanfield and wife, Susan F. Stanfield & Beaman Construction, Inc.", prepared by Baldwin & Associates, appearing of record in Map Book 52, Page 150, Pitt County Public Registry.

SUBJECT TO those Restrictive Covenants appearing of record in Book 982, Page 395, Pitt County Public Registry.

3

**Exhibit B**



```
Doc ID: 014904030003 Type: CRP
Recorded: 12/23/2020 at 03:50:44 PM
Fee Amt: $26.00 Page 1 of 3
Revenue Tax: $0.00
Pitt County, NC
Lisa P. Nichols REG OF DEEDS
BK 4032 PG 304-306
```

Revenue $0                                    Tax ID#: 61248

## NORTH CAROLINA QUIT CLAIM DEED

This instrument drafted by:  Capital to Coast NC Law Group
**(Without Title Examination, Tax or Legal Advice)**
After recording mail to:  Grantee
Brief description for the index:

THIS DEED, made this the ___10___ day of __Dec__ , 2020, by and between

| GRANTOR | GRANTEE |
|---|---|
| Debra Fetherston F/K/A Debra Gates Brooks, A Married Woman | Hisone Equarel Staton, a Married Woman |
| 5504 Seawall Court, Virginia Beach, VA, 23462 | |
| AND | |
| Hisone Equarel Staton, A Married Woman | 2118 Winder Drive, Winterville, NC, 28590 |
| 2118 Winder Drive, Winterville, NC, 28590 | |

Mare

The above described property (  ) does (√) does not include the primary residence of the Grantor.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell, and convey unto the Grantee, its heirs, successors, administrators and assigns, all that certain lot or parcel of land, which was acquired by Grantor by deed recorded in Book 3831, Page 609, Pitt County, North Carolina and more particularly described as follows:

1

3

**See Exhibit A Legal Description**

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:
Subject to Ad valorem taxes for the current year;
Easements, Rights of way and Restrictions which may appear of record;
General Utility Easements of record;
Restrictive and Protective Covenants of record and any Amendments thereto.

IN WITNESS WHEREOF, the Grantor(s) has duly executed the foregoing as of the day and year first above written.

_____(SEAL)
Debra Fetherston

_____(SEAL)
F/K/A Debra Gates Brooks


STATE OF NORTH CAROLINA
_____Pitt_____ COUNTY

I, _Andrea Michelle Barrett_, the undersigned Notary Public of _Pitt_ County and State of _North Carolina_, certify that Debra Fetherston F/K/A Debra Gates Brooks personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official stamp or seal, this _06_ day of _December_, 2020.

My commission expires: _January 12, 2022_        SEAL-STAMP

_____ Notary Public
Notary Signature
_Andrea Michelle Barrett_
Printed Name of Notary

2

Exhibit A- Legal Description

Known as 2118 Winder Drive, Winterville, North Carolina and being more particularly described as follows: Lying and being in Winterville Township, Pitt County, North Carolina and being all of Lot No. 21 as shown on map entitled "Survey for Charles F. Stanfield and wife, Susan F. Stanfield & Beaman Construction, Inc.", prepared by Baldwin and Associates, appearing of record in Map Book 52, Page 150, Pitt County Public Registry.

SUBJECT TO those Restrictive Covenants appearing of record in Book 982, Page 395. Pitt County Public Registry.

3

**Exhibit C**

Type:  CONSOLIDATED REAL PROPERTY
Recorded: 4/8/2015 8:35:22 AM
Fee Amt: $26.00  Page 1 of 7
Pitt County, NC
Lisa P. Nichols REG OF DEEDS

# BK 3312   PG   573 - 579

**After Recording Return To:**
**CoreLogic SolEx**
**1637 NW 136th Avenue Suite G-100**
**Sunrise, FL 33323**

**This Document Prepared By:**
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**
**Heath Harris**

**Parcel ID Number: 0061248**

_____ [Space Above This Line For Recording Data] _____

| | |
|---|---|
| Original Recording Date: **March 17, 2009** | Loan No: **601547029** |
| Original Loan Amount: **$166,920.00** | FHA Case Number: **381-9167737-703** |
| New Money: **$0.00** | MIN Number: **100046733100350370** |

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 9th day of March, 2015, between **DEBRA BROOKS** whose address is **2118 WINDER DRIVE, WINTERVILLE, NC 28590** ("Borrower") and **NATIONSTAR MORTGAGE LLC** which is organized and existing under the laws of **The United States of America**, and whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Beneficiary"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **March 16, 2009** and recorded in **Book/Liber 2599**, Page 304,  of the **Official Records (Name of Records)** of PITT COUNTY, **NC (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security



HUD MODIFICATION AGREEMENT
8300h 11/12



*(page 1 of 6)*

Submitted electronically by Corelogic-Solutions Express  in compliance with North Carolina statutes governing
recordable documents and the terms of the submitter agreement with the Pitt County Register of Deeds.

Instrument and defined therein as the "Property", located at
**2118 WINDER DRIVE, WINTERVILLE, NC 28590,**
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2015**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$114,344.46**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.750%**, from **May 1, 2015**. Borrower promises to make monthly payments of principal and interest of U.S. **$529.55**, beginning on the **1st** day of **June, 2015**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **May 1, 2045** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that

HUD MODIFICATION AGREEMENT
8300h 11/12

*(page 2 of 6)*

is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.



HUD MODIFICATION AGREEMENT
8300h 11/12

*181936+10*

(page 3 of 6)

_____ (Seal)
**DEBRA BROOKS**  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of North Carolina

County of _Pitt_____

I, _Donna M Crandall_ Notary Public, do hereby certify that
    (please print name)
**DEBRA BROOKS**, personally appeared before me on this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and (where an official seal is required by law)

official seal this the _16th_ day of _March_, 20_15_.

_Donna M. Crandall_____
(signature of officer)

My commission expires : _April 17, 2018_____

*DONNA M. CRANDALL*
*NOTARY*
*PUBLIC*
*PITT COUNTY, NC*



HUD MODIFICATION AGREEMENT
8300h 11/12

*(page 4 of 6)*

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender
Name: _____Erica White_____
Title: _____Assistant Secretary_____

_____3/24/15_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX

County of _____Dallas_____

Before me _____          (name/title of officer) on this day personally appeared
        Azra Habibija          *Notary Public*

_____ the ____Assistant Secretary_____ of
      Erica White

_____Nationstar Mortgage LLC_____,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the
foregoing instrument and acknowledged  to me that he executed the same for the purposes and
consideration therein expressed.

Given under my hand and seal of office this ___24___ day of ___March___, A.D. 2015.



AZRA HABIBIJA
Notary Public, State of Texas
My Commission Expires
October 09, 2017


Signature of Officer

      Notary Public
Title of Officer

My Commission expires : ___10/9/17_____

HUD MODIFICATION AGREEMENT
8300h 11/12

*(page 5 of 6)*

_Erica White_    3/24/15    Erica White

Mortgage Electronic Registration Systems, Inc - Nominee for Lender

Title: Assistant Secretary

[Space Below This Line For Acknowledgments]

The State of TX

County of _____ Dallas _____

Before me _____ Azra Habibija _____    Notary Public    (name/title of officer) on this day personally appeared

_____ Erica White _____, the _____ Assistant Secretary _____ of

Mortgage Electronic Registration System, Inc.

known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ 24 _____ day of _____ March _____, A.D. 2015.



AZRA HABIBIJA
Notary Public, State of Texas
My Commission Expires
October 09, 2017



Signature of Officer
Notary Public

_____

Title of Officer

My Commission expires : _____ 10\9\17 _____

HUD MODIFICATION AGREEMENT
8300h 11/12

*6015470 29YGNMA*

*18936+10*

(page 6 of 6)

## Exhibit "A"

Loan Number: **601547029**

Property Address: **2118 WINDER DRIVE, WINTERVILLE, NC 28590**

Legal Description:

THE FOLLOWING DESCRIBED PROPERTY LYING AND BEING IN WINTERVILLE TOWNSHIP, PITT COUNTY, NORTH CAROLINA AND BEING ALL OF LOT NO. 21 AS SHOWN ON MAP ENTITLED SURVEY FOR CHARLES F. STANFIELD AND WIFE, SUSAN F. STANFIELD AND BEAMON CONSTRUCTION, INC. PREPARED BY BALDWIN AND ASSOCIATES, APPEARING OF RECORD IN MAP BOOK 52, PAGE 150, PITT COUNTY REGISTRY.



*601547029YGNMA*



Exhibit A Legal Description Attachment 11/12



*181936+10*

*Page 1 of 1*

**Exhibit D**

Type:  CONSOLIDATED REAL PROPERTY
Recorded: 1/8/2021 10:05:28 AM
Fee Amt:  $26.00  Page 1 of 9
Pitt County, NC
Lisa P. Nichols REG OF DEEDS

# BK 4037  PG 797 - 805

Recording Requested By/Return To:
**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TEXAS 75019**

This Instrument Prepared By:
**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TEXAS 75019**
Karl Otto
Vice President

──────── [Space Above This Line For Recording Data] ────────

## LOAN MODIFICATION AGREEMENT

**Loan Number 601547029**
**FHA Case Number 381-9167737703**

This Loan Modification Agreement ("Agreement"), effective on **1ST DAY OF JANUARY, 2021**, between **DEBRA GATES BROOKS, UNMARRIED FEMALE.** ("Borrower"), and **NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER** ("Lender"), whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TEXAS 75019** amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), if any, dated **MARCH 16, 2009** and recorded in **RECORDED DATE 03/17/2009 BOOK 2599 PAGE 304 INSTRUMENT NUMBER 006869320009** and (2) the Note in the original principal sum of U.S $166,920.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**2118 WINDER DRIVE, WINTERVILLE, NORTH CAROLINA 28590**
(Property Address)

the real property described being set forth as follows:

**FHA LOAN MODIFICATION AGREEMENT**—Single Family—**Fannie Mae UNIFORM INSTRUMENT**   **Form 3179**
**1/01 (rev. 10/16)**
**91003003v2.4**
**Version 11_20_2020_02_00_11**                                                    *(page 1 of 9)*

Submitted electronically by "Covius Settlement Services, LLC"
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Pitt County Register of Deeds.

Loan Number 601547029

**LEGAL DESCRIPTION:**
**ALL THAT CERTAIN LOT OR PARCEL OF LAND SITUATED IN PITT COUNTY, NORTH CAROLINA KNOWN AS 2118 WINDER DRIVE, WINTERVILLE, NORTH CAROLINA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS: AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: LYING AND BEING IN WINTERVILLE TOWNSHIP, PITT COUNTY, NORTH CAROLINA AND BEING ALL OF LOT NO. 21 AS SHOWN ON MAP ENTITLED "SURVEY FOR CHARLES F. STANFIELD AND WIFE, SUSAN F. STANFIELD AND BEAMON CONSTRUCTION, INC.", PREPARED BY BALDWIN AND ASSOCIATES, APPEARING OF RECORD IN MAP BOOK 53, PAGE 150, PITT COUNTY PUBLIC REGISTRY.**
Tax Parcel No.: **61248**

In consideration of mutual promises and agreements exchanged, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of **JANUARY 01, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$105,818.22**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. The amount of Principal being reamortized is **$102,680.01**. The amount of Interest and costs being reamortized is **$3,138.21**.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **2.7500%**, from **DECEMBER 01, 2020**. Borrower promises to make monthly payments of principal and interest of U.S. **$431.99**, beginning on the **1ST DAY OF JANUARY, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **2.7500%** will remain in effect until principal and interest are paid in full. If on **DECEMBER 01, 2050**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

    The terms in this paragraph shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate or for a graduated or growing-equity payment schedule.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails

**FHA LOAN MODIFICATION AGREEMENT**—Single Family—Fannie Mae **UNIFORM INSTRUMENT**     **Form 3179**
1/01 (rev. 10/16)
91003003v2.4
Version 11_20_2020_02_00_11                                                                      *(page 2 of 9)*



Loan Number 601547029

to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the Agreement Date set forth above:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179
1/01 (rev. 10/16)
91003003v2.4
Version 11_20_2020_02_00_11

*(page 3 of 9)*



Loan Number 601547029

(d) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(e) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower's information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

(f) In any foreclosure action dismissed as a result of entering into this Agreement, Borrower will remain liable for and bear his or her own attorney fees and costs incurred in connection with such action, if permitted by applicable law.

(g) The mortgage insurance premiums on Borrower's Loan may increase and the date on which Borrower may request cancellation of mortgage insurance may change as a result of the loan modification.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179
1/01 (rev. 10/16)
91003003v2.4
Version 11_20_2020_02_00_11    *(page 4 of 9)*



**Loan Number 601547029**

In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

**FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT**      **Form 3179**
**1/01 (rev. 10/16)**
**91003003v2.4**
**Version 11_20_2020_02_00_11**

*(page 5 of 9)*



**Loan Number 601547029**

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

Whereof, Lender and Borrower have executed this Modification Agreement as of the dates indicated below.

## (SIGNATURES CONTINUE ON FOLLOWING PAGES)

**FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT**   **Form 3179**
**1/01 (rev.  10/16)**
**91003003v2.4**
**Version  11_20_2020_02_00_11**                                                                *(page 6 of 9)*



**Loan Number 601547029**

In Witness Whereof, the Borrower(s) have executed this agreement.

_Debra Gates Brooks_     Date: _12/06/2020_

Borrower - **DEBRA GATES BROOKS**

**NORTH CAROLINA,** _Pitt_ County.

Enter County Here

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: **DEBRA GATES BROOKS**.

Date: _12 · 6 · 2020_

(Official Seal)

_Andrea Michelle Barrett_
(Signature of person taking acknowledgment)

_Andrea Michelle Barrett_ Notary Public
(Notary's printed or typed name)

My Commission expires: _January 12, 2022_

Andrea Michelle Barrett
Notary Public
Pitt County, NC

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT     Form 3179
1/01 (rev. 10/16)
91003003v2.4
Version 11_20_2020_02_00_11

*(page 7 of 9)*

Loan Number 601547029

In Witness Whereof, the Lender has executed this Agreement.

Lender

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

By: 

Printed Name: Bria Brown
Vice President

Title: _____

Date: 1-7-2021

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT      Form 3179
1/01 (rev. 10/16)
91003003v2.4
Version 11_20_2020_02_00_11                                                      *(page 8 of 9)*

**Loan Number 601547029**

State of MICHIGAN
County of OAKLAND

Acknowledged by _____ **Bria Brown** _____, Vice President of NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER a Limited Liability Corporation before me on the __7__ day
of _____ Jan . 2021 _____

Signature _____

Printed name _____ **Tina M. Micks** _____

Notary public, State of MICHIGAN, County of _____ Wayne _____

My commission expires _____ AUG 0 7 2024 _____

Acting in the County of OAKLAND

TINA M. MICKS
Notary Public, State Of Michigan
County of Wayne
My Commission Expires Aug. 07, 2024
Acting in the County of _Oakland_

**FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT**    **Form 3179**
**1/01 (rev. 10/16)**
**91003003v2.4**
**Version 11_20_2020_02_00_11**    *(page 9 of 9)*

